UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARKITA HESTER**       **PLAINTIFF,**<br><br>v.<br><br>**CITY OF CHICAGO,**<br>**PHIL KLINE FORMER SUPERINTENDENT**<br>**OF THE CHICAGO POLICE DEPARTMENT,**<br>**MATTHEW TOBIAS, ASSISTANT SUPERINTENDENT**<br>**OF THE CHICAGO POLICE DEPARTMENT,**<br>**BRADFORD WOODS, COMMANDER OF PERSONNEL**<br>**DIVISION OF THE CHICAGO POLICE DEPARTMENT**<br>**DEFENDANTS.** | FILED: JUNE 13, 2008<br>08CV3434<br>JUDGE ANDERSEN<br>MAGISTRATE JUDGE ASHMAN<br><br>TC |

## COMPLAINT

NOW COMES, the Plaintiff, **MARKITA HESTER**, by and through her attorney Juan R. Thomas, The Thomas Group, and for its complaint at law against the Defendants, **THE CITY OF CHICAGO, SUPERINTENDENT PHIL KLINE, ASSISTANT SUPERINTENDENT MATTHEW TOBIAS, and COMMANDER BRADFORD WOODS** and states as follows:

1. This action is brought pursuant to 42 U.S.C. 1983. This court has jurisdiction under 28 U.S.C. 1331 and 1343.

2. On June 14, 2006, and continuing until the present day, Plaintiff, Markita Hester, was a resident of the United States and the State of Illinois in Cook County, IL with her principal residence located at 8027 Whipple, Chicago, IL. At all material times, Plaintiff was employed by the Defendant, the City of Chicago.

3. On June 14, 2006, and continuing until the present day, Defendant, The City of Chicago is a public employer created under the laws of the State of Illinois and is located in Cook County, IL where its principal place of business is located in Chicago, Cook County, IL.

4. Defendants, Phil Kline at all times herein relevant served as Superintendent of the

|   |   |
|---|---|
|   | Chicago Police Department, and is sued in his personal and official capacity. Matthew E. Tobias, at all times herein relevant, was the Assistant Deputy Superintendent for the Education and Training Division for the City of Chicago Police Department and is sued in his personal and official capacity. Defendant, Bradford L. Woods at all times herein relevant was the Commander of the Personnel Division for the City of Chicago Police Department and is sued in his individual and official capacity. |
| 5. | This is a civil action brought for money damages to redress the injuries Defendants have caused the to Plaintiff by the deprivation under the color of state law of the right to procedural due process secured to Plaintiff under the Fourteenth Amendment to the Constitution of the United States. |
| 6. | Plaintiff, Markita Hester was first employed as a Probationary Police Officer (hereinafter PPO ) PPO with the City of Chicago Police Department on or about August 2005 under a probationary period for 10 months. |
| 7. | Between August 2005 and June 14, 2006 plaintiff, Markita Hester underwent extensive training as a PPO through the City of Chicago Police Department. This training included but was not limited to police conduct, use of force, weapons, and rights and responsibilities of police officers and the general public. |
| 8. | On or about June 14, 2006, Plaintiff was terminated by the City of Chicago Police Department for alleged misconduct of placing other officers and the public in grave danger when faced with a deadly force situation. (See termination letter attached and marked as Plaintiff s Exhibit A. ) |
| 9. | Prior to Plaintiff s termination on June 14, 2006, Plaintiff was not given an opportunity to participate in any formal or informal hearing although the rules and |

      regulations of the City of Chicago Police Department provide for the same. (See Rules of Procedure marked as Plaintiff's "Exhibit B")

10. Since Plaintiff's termination, she has not had an opportunity for a formal hearing nor has she had an opportunity to cross examine all witnesses, nor present any witness or documentary evidence or testify on her own behalf.

11. Plaintiff was not advised of any right to appeal her discharge.

12. No hearing was ever held.

13. All individual defendants acted in their official capacity and they did not follow the termination polices of the City of Chicago Police Department.

14. Plaintiff has been damaged by the loss of pay, benefits, and reputation and further damaged by the mental and emotional distress and subsequent physical illness suffered because of defendant's illegal termination.

**WHEREFORE**, the Plaintiff, Markita Hester, demands judgment against the Defendants, The City of Chicago, and the above named individuals named in their official capacity for violating Plaintiff's right not to be deprived of her property entitlement without due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. 1983 in that the Defendant failed to provide constitutionally adequate predetermination notice and an opportunity to respond, prior to termination; prejudiced and coerced the Police Board; and failed to hold a post-termination hearing on Plaintiff's discharge.  The Plaintiff prays that this honorable court grant back pay, reinstatement, and for damages in an amount which will serve to punish Defendants and deter similar conduct.

**VIOLATION OF PROCEDURAL DUE PROCESS BY POLICE BOARD**

15. Plaintiff realleges and restates every allegation contained in Paragraphs 1-14 of this Complaint as if they were fully set forth herein.

**WHEREFORE**, the Plaintiff, Markita Hester, demands judgment against the Defendants, The City of Chicago, and the individually named Defendants, for violating Plaintiff's right not to be deprived of her property entitlement without due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. 1983 in that the Defendants failed to provide constitutionally adequate predetermination notice and an opportunity to respond, prior to termination; prejudiced and coerced the Police Board; and failed to hold a post-termination hearing on Plaintiff's discharge. The Plaintiff prays that this honorable court grant back pay, reinstatement, and for damages in an amount which will serve to punish Defendants and deter similar conduct.

## VIOLATION OF SUBSTANTIVE DUE PROCESS

16. Plaintiff realleges and restates every allegation contained in Paragraphs 1-15 of this Complaint as if they were fully set forth herein.

17. Defendants, the City of Chicago, Superintendent Phil Kline, Commander of the Personnel Division, Bradford Woods, and Matthew Tobias, Assistant Deputy Superintendent for the Education and Training Division violated Plaintiff's right to be free from arbitrary and capricious deprivations of property under the Fourteenth Amendment to the Constitution of the United States.

**WHEREFORE**, the Plaintiff, Markita Hester, demands judgment against the Defendants, The City of Chicago, Phil Kline in his capacity as Superintendent of the Chicago Police Department,

Bradford Woods in his capacity as Commander of the Personnel Division, and Matthew Tobias in his capacity as Assistant Deputy Superintendent for the Education and Training Division for in the sum of no less than $100,000.00 as compensatory and punitive damages, together with attorney fees under 42 U.S.C. 1988. The Plaintiff prays that this honorable court grant compensatory damages in an amount in excess of the minimum amount required for this jurisdiction, including back pay, reinstatement, exemplary damages, along with interest to the date of judgment and the cost and disbursement of this action.

/s/ Juan R.Thomas                         /S/ Markita Hester
JUAN R. THOMAS,                      MARKITA HESTER
ATTORNEY FOR THE PLAINTIFF

ARDC # 6238240
Juan R.Thomas
The Thomas Group
30 South Stolp Suite 414
Aurora, IL 60506
(630) 906-0700

## ATTORNEY PLEADING CERTIFICATION

    I have read I have read the forgoing and to the best of my knowledge information and I have read the forgoing reasonablereasonable inquiry, it is well grounded in fact and is warranted by existing law oreasonable inquiry argumentargument ofargument of the extension, modification or reversal of existingargument of the extension, mo improperimproper purpose, such as to harass or to cause unnecessary delay orimproper purpose, such as to harass litigation.

                                                          /S/    Juan R. Thomas  
                                                                   Juan R. Thomas, Attorney