IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARKITA HESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08 C 3434 |
| v | ) | |
| | ) | Wayne R. Andersen |
| CITY OF CHICAGO, PHIL KLINE | ) | District Judge |
| FORMER SUPERINTENDENT OF THE | ) | |
| CHICAGO POLICE DEPARTMENT, | ) | |
| MATTHEW TOBIAS, ASSISTANT | ) | |
| SUPERINTENDENT OF THE CHICAGO | ) | |
| POLICE DEPARTMENT, BRADFORD | ) | |
| WOODS, COMMANDER OF | ) | |
| PERSONNEL DIVISION OF THE | ) | |
| CHICAGO POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on defendant City of Chicago's motion to dismiss [8] plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff Markita Hester has sued the City of Chicago and other individual defendants alleging violations of 42 U.S.C. § 1983. Defendants have filed a motion to dismiss this action. For the reasons set forth below, the motion is granted.

### BACKGROUND

The following facts are alleged in plaintiff's complaint and are presumed true for the purpose of this motion. Plaintiff alleges that she began employment as a probationary police officer in the Chicago Police Department in August 2005. As a probationary police officer, plaintiff participated in extensive training on police conduct, use of force, weapons, and the

rights and responsibilities of police officers and citizens. The probationary period of her employment was to extend for 10 months. However, after allegedly engaging in misconduct that placed other police officers and the public in danger when faced with a deadly force situation, she was fired by the Chicago Police Department on June 14, 2006.

Plaintiff filed this lawsuit on June 13, 2006, the day before her discharge, alleging she was deprived procedural and substantive due process in violation of 42 U.S.C. § 1983 because she was not permitted to participate in any formal or informal hearing addressing her discharge and because her discharge deprived her of her property interest in continued employment. Defendants filed a motion to dismiss the complaint for failure to state a claim. Plaintiff did not file any response in opposition to the motion, and the time to file a response expired over two months ago. Although plaintiff never filed a response, this court independently examined her claims in light of the relevant case law.

## STANDARD OF REVIEW

In examining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court does not consider the likelihood that the plaintiffs will prevail on the merits, but rather whether the facts as alleged constitute a proper basis for relief. *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). As such, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Dismissal is appropriate when a plaintiff's complaint does not provide the defendant "fair notice" of the plaintiff's allegations, and the plaintiff's right to relief does not exceed a

"speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

**DISCUSSION**

Plaintiff alleges Section 1983 violations against the City of Chicago and employees of the City in their individual capacities. Count One alleges violations of plaintiff's right to procedural due process, and Count Two alleges violations of substantive due process in depriving plaintiff of a property interest.

**I.     Individual Liability Under Section 1983**

In order to state a claim under Section 1983, the plaintiff must allege that defendants deprived her of a "right secured by the Constitution or laws of the United States, and that the defendants acted under color of state law." *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2000). The protections of procedural and substantive due process extend only if state action undercuts a constitutionally protected interest in life, liberty, or property. *Id.* at 607. As a threshold issue, a plaintiff must establish that she was entitled to a constitutionally protected right. *Id.* A plaintiff must show: (1) that defendants deprived her of a property interest; and (2) that the deprivation occurred without due process. *Brooks v. Univ. of Wisconsin Bd. of Regents*, 406 F.3d 476, 481 (7th Cir. 2005).

A protectable property interest can arise "from a state statute, regulation, municipal ordinance, or an express or implied contract." *Crull v. Sunderman*, 384 F.3d 453, 460 (7th Cir. 2004). In the employment context, property interests evolve from either an independent source such as state laws or an unambiguous promise of continued employment. *Crull*, 384 F.3d at 460. Illinois law states, in relevant part, that in municipalities with over 500,000 inhabitants, "no

3

officer or employee in the classified civil service of any municipality who is *appointed*… may be removed or discharged, or suspended… except for cause upon written charges and after an opportunity to be heard in his own defense." 65 ILCS 5/10-1-18 (emphasis added). The Illinois Supreme Court has held that the procedural protections mentioned in the statute do not extend to probationary officers "because until they have completed their probationary term, they have not been 'appointed' in the manner contemplated by the statute." *Romanik v. Bd. of Fire and Police Commissioners of East St. Louis*, 61 Ill. 2d 422, 425 (1975); *see Beazley v. Wosik*, 119 Ill. 2d 437, 440 (1988) (holding a probationary police officer may be discharged without a hearing).

Many courts also have recognized that probationary employment does not raise a legitimate expectation or entitlement of continued employment. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972) (finding nontenured professor held no property interest); *Moss v. Martin*, 473 F.3d 694 (7th Cir. 2007) (holding a manual governing an ILDOT employee's employment relationship with the state created no entitlement to long-term employment); *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 2008 WL 821878 (N.D. Ill. 2008) (finding under Illinois statute that a probationary firefighter maintains no property interest); *Lemond v. City of Chicago*, 2006 WL 862106 (N.D. Ill. 2006) (holding a probationary police officer in the Chicago Police Department did not hold a property interest). Because plaintiff was a probationary police officer at the time of her discharge, she does not have a valid property interest in continued employment. Nor is there any allegation that a clear promise of continued employment was offered to plaintiff by the Chicago Police Department. Thus, the court dismisses Count I and II against the individual defendants.

## II.     Municipal Liability Under Section 1983

Plaintiff also asserts procedural due process and substantive due process violations against the City of Chicago under 42 U.S.C. § 1983. Defendant City of Chicago has moved to dismiss these counts for failure to allege a constitutionally protected interest. In the alternative, the City argues that plaintiff did not state a proper *Monell* claim.

In order to state a claim under Section 1983 against a municipality, a plaintiff must allege (1) that he or she has been deprived of a constitutionally protected interest, and (2) that the deprivation was caused by an official policy or custom of the municipality. *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978); *Williams v. City of Chicago*, 1984 U.S. Dist. LEXIS 19611 (Feb. 9, 1984). In other words, the *Monell* test aims to hold municipalities liable for its policies instead of the individual conduct of its workers. *Fairley v. Fermaint*, 482 F.3d 897 (7th Cir. 2007); *Wojciech Czarniecki v. City of Chicago*, 2008 U.S. Dist. LEXIS 72868 (Sept. 24, 2008). But similar to Section 1983 analysis for individual defendants, the threshold issue is whether plaintiff possessed a guaranteed right in the first place.

As discussed above, Illinois law recognizes no property interest for probationary employees such as plaintiff. A *Monell* analysis is not required in this case because plaintiff did not have any recognizable property interest in continued employment. For these reasons, the court also dismisses plaintiff's complaint against the City of Chicago.

## CONCLUSION

For all of the foregoing reasons, the allegations of plaintiff's complaint fail to state any claim upon which relief could be granted. Therefore, defendants' motion to dismiss [8] is granted.

IT IS SO ORDERED.

_____
Wayne R. Andersen
United States District Judge

Dated: February 27, 2009